IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KATHY LEHMAN and WILLIAM : 
LEHMAN, :
: Civil Action No. 4:10-CV-0197
        Plaintiffs, :
: (Judge McClure)
    v. :
:
DIAMOND DEVELOPMENT CO., :
INC., et al., :
:
        Defendants. :

**MEMORANDUM**

June 2, 2010

## I. BACKGROUND

On January 26, 2010, plaintiffs Kathy Lehman and her husband, William Lehman, both citizens of Florida, instituted this civil action against defendants, and Pennsylvania citizens, Diamond Development Co., Inc. ("Diamond Development") and Patricia Guarna and Vincent Guarna, employees and principals of Diamond Development Co. (Rec. Doc. No. 1). Plaintiffs' claims arise out of an alleged incident, occurring on June 11, 2008, in which Mrs. Lehman claims to have slipped and fallen on property owned and managed by Diamond Development, Patricia Guarna, and Vincent Guarna ("Diamond Development Defendants").[1] Id. at 2. In

---

[1] The property at issue ("The Premises") is located at 528 W. Saylor Street, Atlas, Pennsylvania.

their original complaint, plaintiffs alleged that Mrs. Lehman slipped and fell on a clear liquid near vending machines on premises owned and managed by the Diamond Development defendants.  Id. at 2-3.  Plaintiffs allege that the defendants breached their duty of care as owed to Mrs. Lehman and that such a breach caused her to incur medical expenses, pain and suffering, lost wages, an impaired earning capacity, scarring, disfigurement, a loss of life's pleasures, and other damages.  Id. at 4-5.  Mr. Lehman also claims to have lost the companionship, services, advice, and consortium of his wife.  Id. at 5.

## II. PROCEDURAL HISTORY

The Diamond Development defendants filed an answer to the plaintiffs' original complaint on February 19, 2010.  (Rec. Doc. No. 5 at 2-5).  In their response, the Diamond Development defendants also included a third-party complaint against Community Services Group, Inc. ("Community Services Group"), Mrs. Lehman's employer and the lessee of the premises, and Pepsi-Cola Metropolitan Bottling Company ("Pepsi-Cola Bottling Company"), which installed the vending machine near the location of the alleged June 11, 2008 incident.  Id. at 5-11.  The Diamond Development defendants contend that, "[i]f the plaintiff was injured on the Premises, the injury and damage sustained by the plaintiff result[ed] solely from a breach by the [Community Services] Group of the duty to maintain

2

the [P]remises." Id. at 7.  In addition, the Diamond Development defendants claim that Pepsi-Cola Bottling Company "breached the duty to maintain the soda vending machine and may have caused injury to the plaintiff." Id. at 9.

On March 2, 2010, plaintiffs filed an amended complaint, as of right and pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), adding claims against Pepsi-Cola Bottling Company.  (Rec. Doc. No. 8).  As an attachment to the amended complaint, plaintiffs and the Diamond Development defendants included a stipulation of counsel, in which defense counsel consented to the filing of the amended complaint against Pepsi-Cola Bottling Company.  Id. at 8. In addition, both counsel agreed that the answer filed by the Diamond Development defendants on February 19, 2010 would be deemed as applying to the amended complaint and that any further answer need not be filed.  Id.

On April 14, 2010, plaintiffs filed a second-amended complaint.  (Rec. Doc. No. 9).  In their second-amended complaint, plaintiffs appeared to name as defendants PepsiCo, Inc., t/d/b/a PepsiCo America Beverages and t/d/b/a Pepsi Beverages Company, and Pepsi Bottling Group, the predecessor to Pepsi Beverages Company which previously conducted business as Pepsi-Cola Metropolitan Bottling Company.  By an order dated May 4, 2010, this court struck plaintiffs' second-amended complaint, and directed the plaintiffs to, pursuant to

Fed. R. Civ. P. 15(a) and Middle District Local Rule 15.1, amend their pleading either with the opposing party's consent or by seeking leave of court. (Rec. Doc. No. 11).

Pursuant to this court's May 4, 2010 Order, plaintiffs filed a motion for leave to file a second-amended complaint, as well as a brief in support. (Rec. Doc. Nos. 12 and 13). With this motion, plaintiffs seek to add as defendants PepsiCo, Inc. t/d/b/a PepsiCo America Beverages and t/d/b/a Pepsi Beverages Company, Pepsi Bottling Group, and Pepsi Cola Metropolitan Bottling Company ("Pepsi Defendants"). (Rec. Doc. No. 12 at 4, Exhibit 1). Although any brief filed in opposition to the instant motion was due no later than June 1, 2010, no such brief has been filed.

In light of the above, the instant motion seeking leave to file a second-amended complaint is ripe for disposition. For the following reasons, we will grant the motion.

### III. DISCUSSION

In their brief filed in support of the instant motion, plaintiffs argue that this court should allow the filing of a second-amended complaint, as "justice so requires," pursuant to Fed. R. Civ. P. 15(a)(2). (Rec. Doc. No. 13 at 4). Plaintiffs indicate that they simply seek to add as defendants entities they believe may be

4

responsible for the accident at issue, they have sought amendment without undue delay, and they wish to make such amendment before the statute of limitations relevant to the complaint expires. Id. at 4-5. In addition, plaintiffs contend that the present defendants are not prejudiced by such amendment and that any newly added defendants similarly would not be prejudiced, as the relevant statute of limitations has not yet run. Plaintiffs also contend that an order issued by this court allowing them to file a second-amended complaint would promote judicial economy and a more timely resolution of the current dispute. Id. at 5.

We agree with plaintiffs that, in this instance, it is proper for plaintiffs to be afforded an opportunity to file their second-amended complaint. As plaintiffs note, the relevant statute of limitations has not yet run and there is no indication that the original defendants or the Pepsi defendants will be prejudiced or that plaintiffs are seeking amendment based upon an improper motive. Therefore, we will grant the plaintiffs' motion for leave to file a second-amended complaint. (Rec. Doc. No. 12).

## IV. CONCLUSION

For the aforementioned reasons, we will grant plaintiffs' motion seeking to amend their complaint, as justice so requires. (Rec. Doc. No. 12).

s/ James F. Mcclure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHY LEHMAN and WILLIAM LEHMAN, | : | |
| | : | |
| | : | Civil Action No. 4:10-CV-0197 |
| Plaintiffs, | : | |
| | : | (Judge McClure) |
| v. | : | |
| | : | |
| DIAMOND DEVELOPMENT CO., INC., et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

June 2, 2010

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' motion for leave to file a second-amended complaint is **GRANTED**. (Rec. Doc. No. 12).

2. Plaintiffs shall file a second-amended complaint in the form attached as Exhibit 1 to Record Document No. 12 on or before June 9, 2010.

s/ James F. Mcclure, Jr.
James F. McClure, Jr.
United States District Judge