IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KATHY LEHMAN and WILLIAM : 
LEHMAN (her husband), : 
: Civil Action No. 4:10-CV-0197
      Plaintiffs, : 
: (Judge McClure)
      v. : 
: 
DIAMOND DEVELOPMENT CO., : 
INC., PATRICIA GUARNA, and : 
VINCENT GUARNA, (husband and : 
wife), and BOTTLING GROUP LLC : 
D/B/A PEPSI BOTTLING GROUP, : 
: 
      Defendants. : 

**MEMORANDUM**

June 24, 2010

## I. BACKGROUND

On January 26, 2010, plaintiffs Kathy Lehman and her husband, William Lehman, both citizens of Florida, instituted this civil action against defendants, and Pennsylvania citizens, Diamond Development Co., Inc. ("Diamond Development") and Patricia Guarna and Vincent Guarna, employees and principals of Diamond Development Co. (Rec. Doc. No. 1). Plaintiffs' claims arise out of an alleged incident, occurring on June 11, 2008, in which Mrs. Lehman claims to have slipped and fallen on property owned and managed by Diamond Development, Patricia Guarna, and Vincent Guarna ("Diamond

Development Defendants").[1]  Id. at 2.  In their original complaint, plaintiffs alleged that Mrs. Lehman slipped and fell on a clear liquid near vending machines on premises owned and managed by the Diamond Development defendants.  Id. at 2-3.  Plaintiffs allege that the defendants breached their duty of care as owed to Mrs. Lehman and that such a breach caused her to incur medical expenses, pain and suffering, lost wages, an impaired earning capacity, scarring, disfigurement, a loss of life's pleasures, and other damages.  Id. at 4-5.  Mr. Lehman also claims to have lost the companionship, services, advice, and consortium of his wife.  Id. at 5.

## II.  PROCEDURAL HISTORY

The Diamond Development defendants filed an answer to the plaintiffs' original complaint on February 19, 2010.  (Rec. Doc. No. 5 at 2-5).  In their response, the Diamond Development defendants also included a third-party complaint against Community Services Group, Inc. ("Community Services Group"), Mrs. Lehman's employer and the lessee of the premises, and Pepsi-Cola Metropolitan Bottling Company ("Pepsi-Cola Bottling Company"), which installed the vending machine near the location of the alleged June 11, 2008

---

[1] The property at issue ("The Premises") is located at 528 W. Saylor Street, Atlas, Pennsylvania.

incident. Id. at 5-11. The Diamond Development defendants contend that, "[i]f the plaintiff was injured on the Premises, the injury and damage sustained by the plaintiff result[ed] solely from a breach by the [Community Services] Group of the duty to maintain the [P]remises." Id. at 7. In addition, the Diamond Development defendants claim that Pepsi-Cola Bottling Company "breached the duty to maintain the soda vending machine and may have caused injury to the plaintiff." Id. at 9.

On March 2, 2010, plaintiffs filed an amended complaint, as of right and pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), adding claims against Pepsi-Cola Bottling Company. (Rec. Doc. No. 8). As an attachment to the amended complaint, plaintiffs and the Diamond Development defendants included a stipulation of counsel, in which defense counsel consented to the filing of the amended complaint against Pepsi-Cola Bottling Company. Id. at 8. In addition, both counsel agreed that the answer filed by the Diamond Development defendants on February 19, 2010 would be deemed as applying to the amended complaint and that any further answer need not be filed. Id.[2]

---

[2] On June 9, 2010, counsel for the plaintiffs and defendant Bottling Group LLC d/b/a Pepsi Bottling Group and defendants Diamond Development Co. and Vincent and Patricia Guarna filed with this court a stipulation to amend the caption of the case. (Rec. Doc. No. 19). The court issued an order on June 10, 2010, approving the stipulation. (Rec. Doc. No. 20). The effect of the stipulation

3

On May 28, 2010, third party defendant Community Services Group filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Rec. Doc. No. 15). On that same day, Community Services Group filed a brief in support. (Rec. Doc. No. 16). Community Services Group alleges that the original defendants' third party complaint should be dismissed as against Community Services Group, as it may not be held liable to a third party under 77 P.S. § 481(b). Id. at 3-7.[3] No opposition briefs have been filed.

## III. STANDARD OF REVIEW

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). "The tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). In ruling on such a motion, the

---

was to name the only entity responsible for the vending machines at issue: Bottling Group LLC d/b/a Pepsi Bottling Group. (Rec. Doc. No. 19 at 1).

[3] Our jurisdiction is based on diversity of citizenship. See 28 U.S.C. § 1332. Under the facts in this case, Pennsylvania substantive law and federal procedural law apply. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

4

court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. Kost, 1 F.3d at 183. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. At the motion to dismiss stage, the court considers whether a plaintiff is entitled to offer evidence to support the allegations in the complaint. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

A complaint should be dismissed only if, accepting as true all of the allegations in the complaint, the plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950. In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Hellmann v. Kercher, 2008 U.S. Dist. LEXIS 54882, 4 (W.D. Pa. 2008). Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests,'" Bell Atlantic Corp. v.

Twombly, 127 S.Ct. 1955, 1964, (2007) (citing Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, (1957)).  However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action and then make a blanket assertion of an entitlement to relief under it.  Hellmann, 2008 U.S. Dist. LEXIS at 4-5.  Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory.  Twombly, 127 S.Ct. at 1965. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not 'shown' - - that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950 (citing Fed. R. Civ. P. 8(a)).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).  A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law."  Id. at 326.  If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327.

## IV. DISCUSSION

Based upon this court's review of the docket sheet, it is clear that no briefs in opposition to the instant motion to dismiss have been filed. As such, and pursuant to Middle District Local Rule 7.6, the failure to oppose Community Services Group's brief in support of its motion to dismiss (Rec. Doc. No. 15) within the required time renders the motion unopposed.

Although the motion is deemed unopposed, we have reviewed the motion on the merits and conclude that it should be granted. As noted above, Pennsylvania substantive law applies in this case. Pursuant to the Pennsylvania Workers' Compensation Act ("PWCA"):

> (b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request *shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise*, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

77 P.S. § 481(b) (emphasis added). Based upon this provision, state and federal courts have granted employers statutory immunity from suits by third parties that

is broad in scope. See Clark v. Williamette Indus., 918 F. Supp. 139, 141 (W.D. Pa. 1996) (noting that "[n]ot only does [the PWCA] provide an employer with immunity from suit for accidents within the scope of employment, it also bars an employer from being joined in a suit against a third party arising from such an accident"); see also Snare v. Ebensburg Power Co. (Appeal of UE & C Catalytic), 637 A.2d 296, 298 (Pa. Super. Ct. 1993) (stating that the "exclusivity provision of the Workers' Compensation Act essentially 'bars tort actions flowing from any work-related injury'") (quoting Kline v. Arden H. Verner Co., 503 Pa. 251, 256 (1983)). In addition, "Pennsylvania courts have been emphatic in affirming that the PWCA reflected a clear legislative intent to immunize employers from involuntary joinder in an employee's suit against a third party tortfeasor for any purpose." Holbrook v. Woodham, 2009 U.S. Dist. LEXIS 11138, at *18 (W.D. Pa. Feb. 13, 2009) (citing Heckendorn v. Consol. Rail Corp., 465 A.2d 609, 613 (Pa. 1983)).[4]

---

[4] The Court of Appeals for the Third Circuit has noted that an amendment to the PWCA in 1974 "changed third party practice by providing that the employer could not be held liable for 'damages, contribution, or indemnity,' *unless otherwise agreed in a written contract*." Erie Castings Co. v. Grinding Supply, Inc., 736 F.2d 99, 101 (3d Cir. 1984) (quoting 77 P.S. § 481, Purdon Supp. 1983) (emphasis added). Therefore, the court concluded that "an employer may no longer be joined as an additional defendant by the third party in a suit by an employee." Id. (citing Heckendorn v. Consolidated Rail Corp., 502 Pa. 101 (1983).

8

Therefore, so long as Community Services Group has not entered into a written contract that provides for its assumption of liability for indemnity or contributions, Community Services Group cannot be held liable to the third party plaintiffs. Although Community Services Group did enter into a written lease[5] concerning the Premises, there is no provision within the lease whereby Community Services Group expressly assumes liability for indemnity or contributions. Notably, the original defendants make no claim that Community Services Group has expressly assumed such liability. Therefore, we conclude that, in their third party complaint, the original defendants have failed to plead facts sufficient to state a claim for relief that is plausible on its face. As such, dismissal of the third party complaint as to third party defendant Community Services Group is appropriate.

## V. CONCLUSION

In light of the above, we will grant Community Services Group's motion to dismiss the original defendants' third party complaint as against Community Services Group. The motion is unopposed, and we conclude on the merits that

---

[5] A copy of the lease was attached to the original defendants' Answer, Affirmative Defenses, and Third Party Complaint. (See Rec. Doc. No. 5, Exhibit A).

Community Services Group's motion should be granted.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHY LEHMAN and WILLIAM LEHMAN (her husband), | : : : | |
| | : | Civil Action No. 4:10-CV-0197 |
| Plaintiffs, | : : | |
| | : | (Judge McClure) |
| v. | : : | |
| DIAMOND DEVELOPMENT CO., INC., PATRICIA GUARNA, and VINCENT GUARNA, (husband and wife), and BOTTLING GROUP LLC D/B/A PEPSI BOTTLING GROUP, | : : : : : : | |
| Defendants. | : | |

**ORDER**

June 24, 2010

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. The Motion to Dismiss (Rec. Doc. No. 15) filed by Third Party Defendant Community Services Group, pursuant to Fed. R. Civ. P. 12(b)(6), is **GRANTED**.

2. The Original Defendants' Third Party Complaint (Rec. Doc. No. 5) is

**DISMISSED** as to Third Party Defendant Community Services Group.


                                                                   <u>s/ James F. McClure, Jr.</u>
                                                                   James F. McClure, Jr.
                                                                   United States District Judge