IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KATHY LEHMAN** <br> **WILLIAM LEHMAN** | **NO. 4:10-CV-197** |
| **v.** | **CHIEF JUDGE KANE** |
| **DIAMOND DEVELOPMENT CO., INC.,** <br> **PATRICIA GUARNA,** <br> **VINCENT GUARNA** <br> **BOTTLING GROUP, LLC., d/b/a/** <br>    **PEPSI BOTTLING GROUP,** | **MAGISTRATE JUDGE METHVIN** |

**REPORT AND RECOMMENDATION**
<u>**ON MOTION FOR SUMMARY JUDGMENT**</u>
([Doc. 41](Doc. 41))

Plaintiffs commenced this suit for damages arising from a slip and fall by Kathy Lehman that occurred on June 11, 2008. After filing an initial complaint on January 26, 2010, plaintiff filed amended complaint on March 2, 2010. ([Docs. 1](Docs. 1), [8](8)). Named as defendants are Diamond Development Co., Inc.; Vincent Guarna and Patricia Guarna, husband and wife; and Bottling Group, LLC, d/b/a/ Pepsi Bottling Group ("Pepsi").[1]

---

[1] *See* [Doc. 20](Doc. 20)

2

Before the court is a motion for summary judgment filed by Pepsi. (Doc. 41). The motion is unopposed. The motion has been referred to the undersigned for a report and recommendation, and is now ripe for disposition.[2]

## FINDINGS AND RECOMMENDATIONS

### I. Background

The amended complaint alleges that Kathy Lehman slipped and fell on a wet floor in a corridor of the premises owned by Diamond. Plaintiffs asserted Diamond was negligent in the maintenance and/or repair of the roof, which caused water to be present on the floor. Alternatively, plaintiffs claimed that the source of the water on the floor was a vending machine placed on the premises by Pepsi.

During discovery, plaintiff Kathy Lehman stated that the source of the water was from a leaking roof. (Doc. 41-4, Ex. A, p. 6:25 – 7:4 (dep. p. 32:25 – 33:4)). She further testified that she did not believe the source of the water was the vending machine (Id. at 9:5 – 8 (dep. p. 39:5 – 8)).

### II. Standard of Review

Under Federal Rule of Civil Procedure 56(a), a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material

---

[2] On October 18, 2011, Chief Judge Kane referred the present motion to the undersigned. (Doc. 44).

fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Anderson*, 477 U.S. at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1287–88 (3d Cir. 1991).

When determining whether there is a genuine dispute of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. *Moore v. Tartler*, 986 F.2d 682 (3d Cir. 1993); *Clement v. Consol. Rail Corp.*, 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid or obtain summary judgment, however, parties may not rely on unsubstantiated allegations. Parties seeking to establish that a fact is or is not genuinely disputed must support such an assertion

by "citing to particular parts of materials in the record," by showing that an adverse party's factual assertion lacks support from cited materials, or demonstrating that a factual assertion is unsupportable by admissible evidence. Fed. R. Civ. P. 56(c)(1); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (requiring evidentiary support for factual assertions made in response to summary judgment). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Parties must produce evidence to show the existence of every element essential to its case that they bear the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323; *see Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992). Failure to properly support or contest an assertion of fact may result in the fact being considered undisputed for the purpose of the motion, although a court may also give parties an opportunity to properly provide support or opposition. Fed. R. Civ. P. 56(e).

**III. Discussion**

As noted above, Pepsi's motion for summary judgment is unopposed. Under this court's Local Rules, any party who fails to file a brief in opposition to a

motion "shall be deemed not to oppose such motion." *See* M.D. Pa. L.R. 7.6. However, before entering summary judgment in favor of Pepsi, there must first be a review the merits of motion. *See* Fed. R. Civ. P. 56(c); *Blasi v. Attorney Gen.*, 30 F. Supp.2d 481, 484 (M.D. Pa.1998) ("[T]he district court may not grant a motion for summary judgment ... solely because the motion is unopposed; such motions are subject to review for merit."); *see also* Fed. R. Civ. P. 56(e) ("If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.").

"[A] federal court must apply the substantive laws of its forum state in diversity actions," such as this one. *Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007). Therefore, Pennsylvania law applies to this dispute. Under Pennsylvania law, "[t]he mere occurrence of an accident does not establish negligent conduct. *Martin v. Evans*, 551 Pa. 496, 711 A.2d 458, 502 (Pa.1998). Rather, "[i]n any case sounding in negligence, a plaintiff must demonstrate: (1) a duty of care; (2) the breach of the duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the plaintiff." *Farabaugh v. Pa. Turnpike Com'n*, 590 Pa. 46, 911 A.2d 1264, 1272-73 (Pa. 2006).

The record shows that plaintiffs have failed to state a prima facie case of negligence against Pepsi. Kathy Lehman testified unequivocally in her deposition

6

that her slip and fall was caused by water leaking from the roof. There being no evidence linking her fall to Pepsi's vending machine, summary judgment is appropriate in favor of Pepsi.

## IV. Recommendation

Based on the foregoing analysis, it is respectfully recommended that the motion for summary judgment (Doc. 41) be granted. It is also recommended that Pepsi's cross-claims against the other defendants be dismissed (Doc. 23).

Signed on December 6, 2011.

_____
MILDRED E. METHVIN
U. S. MAGISTRATE JUDGE