**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KATHY LEHMAN & WILLIAM LEHMAN, | : : | |
|     Plaintiffs | : : | Civil Action No. 4:10-cv-00197 |
| v. | : : | (Chief Judge Kane) |
| DIAMOND DEVELOPMENT CO., INC., et al., | : : : | (Magistrate Judge Arbuckle) |
|     Defendants | : | |

**MEMORANDUM ORDER**

Presently pending before the Court is Magistrate Judge Arbuckle's Report and Recommendation (Doc. No. 87), addressing Plaintiffs' motion for hearing to effect settlement (Doc. No. 73). For the reasons stated more fully herein, the Court must decline to adopt the Report and Recommendation and will deny Plaintiffs' motion.

**I.     BACKGROUND**

Plaintiffs Kathy Lehman and William Lehman initiated this litigation by filing a complaint, sounding in negligence, against Defendants Diamond Development Company, Inc. and Vincent Guarna on January 26, 2010. (Doc. No. 1.) On March 19, 2012, the date on which jury trial was to commence, counsel for both parties informed the Court that they had reached a settlement and submitted a document marked as a joint exhibit, stating as follows:

> Agreement
>
> To resolve the case of Kathy and William Lehman versus Vincent Guarna and Diamond Development, Defendants agree to a judgment lien in the amount of $25,000 against them in favor of Kathy and William Lehman, to which they will stipulate on the record before Judge Kane, Monday, March 19, 2012. Defendants, Vincent Guarna and Diamond Development will also assign any rights they may have under the Philadelphia Indemnity Insurance Company policy owned

> by Community Services Group. Further it is agreed to satisfy the judgment lien, a certified check in the amount of $25,000 payable to Kathy and William Lehman and Schmidt Kramer, PC, will be delivered to the offices of Schmidt Kramer PC, in Harrisburg, PA, by 5:00 p.m., on Wednesday, March 21, 2012. Should the check not be received by 5:00 p.m. on Wednesday, March 21, 2012, Vincent Guarna and Diamond Development consent to a judgment lien being placed on the personal residence of Vincent Guarna, if any, and/or any property owned by Diamond Development and attorneys' fees and costs for executing the judgment will be paid by the Defendants, Vincent Guarna and Diamond Development.

(Doc. No. 70.) After defense counsel described the terms of the settlement agreement on the record, the Court engaged Ms. Lehman and her counsel, David Joseph Chapman, in the following exchange:

> THE COURT:     I note that your client is here.
>
> MR. CHAPMAN:   They are, correct.
>
> THE COURT:     And everyone is fully informed and in agreement?
>
> MRS. LEHMAN:   Yes.
>
> MR. CHAPMAN:   They are. Thank you, Your Honor.

(Doc. No. 81 at 3-4.)

Following the hearing, the Court issued a dismissal order, stating: "[C]ounsel having reported to the Court that the above action has been settled, IT IS HEREBY ORDERED that this action is dismissed without costs and without prejudice, upon good cause shown within sixty (60) days, to reinstate the action if the settlement is not consummated." (Doc. No. 71.)

Because Defendants later refused to sign a release tendered by the Philadelphia Indemnity Insurance Company ("PIIC") and an assignment-of-rights agreement drafted by Plaintiffs' counsel, Plaintiff filed a motion for hearing to effect settlement on March 26, 2012.

(Doc. No. 73.) In the motion, Plaintiffs request the Court "to enter an order instructing Defendants to execute the PIIC release" or "to execute the provided assignment of rights and extinguishing each and every right Defendants had under the PIIC policy." (Id. at 5.) The Court referred the motion to Magistrate Judge Arbuckle (Doc. No. 77), who permitted the parties to supplement the record with respect to settlement issues. On September 6, 2012, Magistrate Judge Arbuckle issued a Report and Recommendation, concluding that this Court should grant Plaintiffs' motion for hearing to effect settlement and order Defendants to sign the PIIC release and the assignment-of-rights agreement. (Doc. No. 87.) Defendant filed objections to the Report and Recommendation on September 24, 2012, contending that Magistrate Judge Arbuckle incorrectly determined that a statutory bad faith claim under 42 Pa. C.S. § 8371 may be assigned.[1] (Doc. No. 88.)

## II. DISCUSSION

Although neither party has raised the issue of whether the Court has jurisdiction to order the enforcement of the parties' settlement agreement, and although Magistrate Judge Arbuckle did not address this issue in his Report and Recommendation, the Court must raise the matter <u>sua sponte</u>, "as every court is obligated to do when subject matter jurisdiction is in question." <u>Shaffer v. GTE North, Inc.</u>, 284 F.3d 500, 502 (3d Cir. 2002) (citation omitted). District courts

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Rule 72(b) of the Federal Rules of Civil Procedure provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a <u>de novo</u> determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).
 Because the Court will not adopt Magistrate Judge Arbuckle's Report and Recommendation and will dismiss Plaintiffs' motion for lack of subject matter jurisdiction, the Court will not address the issue of whether a statutory bad faith claim is assignable under Pennsylvania law, an issue Magistrate Judge Arbuckle resolved in the affirmative.

lack jurisdiction to enforce a settlement agreement where breach of the agreement does not flout the court's authority. Kokkonen v. Guardian Life Ins. of Am., 511 U.S. 375, 380-81 (1994). Thus, where a dismissal order does neither contains a provision explicitly retaining jurisdiction over the settlement agreement nor language incorporating the terms of the agreement in the order, the district court is without jurisdiction to rule on a motion to enforce a settlement agreement. Id. But if the dismissal order does contain such language, a district court has ancillary jurisdiction to enforce the terms of the settlement agreement because, under these circumstances, "a breach of the agreement would be a violation of the order." Id. at 381.

In Shaffer, the United States Court of Appeals for the Third Circuit assessed a dismissal order nearly identical to the one issued in this action. Like in this action, in Shaffer, counsel for the parties informed the district court that they had reached a settlement on the date on which trial was set to begin, counsel for the defendant described the terms of the settlement on the record, the plaintiff expressed her satisfaction with the terms of the settlement, and the district court then issued an order dismissing the action without prejudice to the parties' right to reinstate the action within sixty days if settlement was not consummated. 284 F.3d at 501-02. The plaintiff later refused to sign the settlement agreement, prompting the defendant to file a motion to enforce the agreement within sixty days after the issuance of the dismissal order. Id. at 502.

On appeal, the Third Circuit raised the issue of subject matter jurisdiction sua sponte and, applying Kokkonen, found that the district court lacked ancillary jurisdiction to enforce the settlement agreement. Id. at 502-05. The court determined that the first Kokkonen exception, allowing for the enforcement of a settlement agreement where the dismissal order contains a provision expressly retaining jurisdiction over the agreement, was not applicable because the

dismissal order only contained language providing for the reinstatement of the action within sixty days if settlement was not consummated.  Id. at 503.  The court went on to expressly hold "that language in a dismissal order providing for the reinstatement of an action if a settlement agreement is not consummated does not satisfy the first Kokkonen precondition for the enforcement of the settlement agreement itself," reasoning that reinstatement of an action is "totally different" from the enforcement of a settlement agreement.  Id. at 503-04.  The court also found the second Kokkonen exception to be inapplicable because the dismissal order simply referred "to the counsel-reported settlement without the incorporation of any specific settlement terms."  Id. at 503 (citing In re Phar-Mor, Inc. Sec. Litig., 172 F.3d 270, 274-75 (3d Cir. 1999)).

Here, the March 19, 2012 dismissal order contains neither a provision retaining jurisdiction over the settlement agreement nor language incorporating any terms of the agreement in the order.  Thus, under Kokkonen and Shaffer, the Court lacks ancillary jurisdiction to rule on the motion to enforce the settlement agreement.  Further, there appears to be no independent basis for subject matter jurisdiction over the motion because, although the parties are diverse, the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is not satisfied.

**ACCORDINGLY**, on this 27th day of November2012, **IT IS HEREBY ORDERED THAT** Magistrate Judge Arbuckle's Report and Recommendation (Doc. No. 87) is **NOT ADOPTED**, and Plaintiffs' motion for hearing to effect settlement (Doc. No. 73) is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania